**EXHIBIT A**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

WUHU CHANGJIA INVESTMENT FUND, LLP, a People's Republic of China limited liability partnership,

    Plaintiff,

-against-

CENTRISYS CAPITAL, INC.,

    Defendant.

Index No.
Date Purchased:

**SUMMONS**

Plaintiff designates New York County as the place of trial

---

**TO THE ABOVE-NAMED DEFENDANT:**

**YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve a copy of your Answer, or if the Complaint is not served with this Summons, to serve a Notice of Appearance, on plaintiff's attorney within 20 days after service of the Summons, exclusive of the day of service (or within 30 days after service is complete if this Summons was not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

New York County is designated as the venue for this action inasmuch as the parties consented to the jurisdiction of this Court for adjudication of any disputes arising between them under the operative Pledge and Security Agreement.

Dated: New York, New York
       December 9, 2019

                                              Xiaomin Chen, Esq.
                                              Charles Yoon, Esq. (Of Counsel)
                                              DEHENG CHEN, LLC
                                              Attorneys for Plaintiff
                                              233 Broadway, Suite 2200
                                              New York, New York 10279
                                              (212) 608-6500

Defendant's Address:

CENTRISYS CAPITAL, INC.
c/o Guttormsen & Hartley, LLP
600 52nd street, suite 200
Kenosha, WI 53144
Attention: Neil F. Guttormsen

c/o National Registered Agent, Inc.
160 Greentree Dr. Ste 101
Dover, DE 19904

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

WUHU CHANGJIA INVESTMENT FUND, LLP, a
People's Republic of China limited liability partnership,

                        Plaintiff,                  Index No.

        -against-                       **COMPLAINT**

CENTRISYS CAPITAL, INC.,

                        Defendant.

---

Plaintiff WUHU CHANGJIA INVESTMENT FUND, LLP, a People's Republic of China limited liability partnership, by its attorneys DeHeng Chen, LLC, as and for its Complaint against defendant CENTRISYS CAPITAL, INC., alleges that:

### INTRODUCTION

1. Plaintiff WUHU CHANGJIA INVESTMENT FUND, LLP, a People's Republic of China limited liability partnership ("Plaintiff") brings this action for declaratory relief as a lender against defendant CENTRISYS CAPITAL, INC. ("Defendant"), which pledged certain shares in corporations as collateral for a loan provided to an affiliated entity. Plaintiff seeks a declaration by this Court that the Plaintiff may exercise ownership over the pledged shares pursuant to the Pledge Agreement and that the Plaintiff's rights to the pledged shares are senior to the rights of any other party to whom Defendant might have pledged the same shares in violation of the Pledge and Security Agreement between the parties.

1

## PARTIES

2. Plaintiff is a People's Republic of China limited liability partnership having an address at Room 1657, 16th Floor Binjiang Business Building, No.1, Guanlan Road, Jinghu District, Wuhu Anhui 241000, China.

3. Defendant upon information belief, at all times relevant hereto, is a foreign corporation incorporated in the State of Delaware.

## JURISDICTION, VENUE, AND CHOICE OF LAW

4. Plaintiff and Defendant agreed that New York law shall govern the present case in accordance with New York General Obligations Law Section 5-1401.

5. Plaintiff and Defendant further agreed that the present case shall be instituted in the federal or State Court in New York pursuant to New York General Obligations Law Section 5-1402.

6. The value of the collateral at issue in this case far exceed the jurisdictional thresholds set forth in New York General Obligations Law Sections 5-1401 and 5-1402.

7. All other requirements for the application of New York General Obligations Law Sections 5-1401 and 1402 are satisfied.

8. Accordingly, this Court has jurisdiction over this dispute and venue is proper in this forum.

9. Defendant appointed Guttormson & Hartley, LLP, 600-52nd street, suite 200, WI, 53144, USA, Attention: Neil F. Guttormsen, Facsimile No.: 1 (262) 658-4800 as its authorized agent to accept any and all process which may be served in the present lawsuit.

## FACTUAL BACKGROUND

### Loan Agreement

10. On October 19, 2017, Plaintiff entered into a three-way loan agreement with the Chengdu Branch of Great Wall Huaxi Bank Co., Ltd. and the Chengdu Techcent Environment Co., Ltd. ("Borrower") ("Loan Agreement") pursuant to which Plaintiff extended a loan to Borrower in the principal amount of CNY 200,000,000.00 ("Loan"). At the exchange rate at the time, this amount is approximately U.S. $30.07 million.

11. The borrowing period for the Loan was for 36 months, from November 17, 2017 to November 17, 2020, with both the principal loan and interest payable in installments.

12. As collateral for the Loan, Borrower pledged certain shares of United States entities which it owns through two wholly-owned subsidiaries, Chengdu Centrisys Environmental Technology Co., Ltd. and Defendant.

13. Defendant, in turn, owns 100% of the total shares of Centrealestate, Inc. ("Centrealestate"), a Wisconsin corporation, and 80% of the total shares of Centrisys Corporation ("Centrisys Corp."), an Illinois corporation.

### Defendant's Pledge of Shares in Centrealestate and Centrisys Corp.

14. As consideration for the Loan, Plaintiff and Defendant entered into a Pledge and Security Agreement on November 3, 2017 (the "Pledge Agreement").

15. Through the Pledge Agreement, Defendant pledged and granted to Plaintiff, as collateral security for the prompt and complete payment and performance of the principal and interest due under the Loan, a first priority security interest in its 100% ownership interest in Centrealestate and its 80% ownership interest in Centrisys Corp. (the "Pledged Collateral").

16. The Defendant also agreed to deliver to Lender the Pledged Collateral, together with an undated stock certificate power covering such certificate duly executed in blank form.

### Plaintiff's Perfection of Security Interest in Pledged Collateral

17. Plaintiff perfected its security interest in the Pledged Collateral by filing a UCC-1 financing statement on November 8, 2017.

18. Defendant delivered to Plaintiff possession of the original stock certificates evidencing the Pledged Collateral on or about November 17, 2017.

19. Plaintiff has perfected its security interest in the Pledged Collateral by reason of delivery and possession.

### Defendant's Representations and Warranties

20. The Defendant represented and warranted that no authorization, consent of or notice to any other Person that has not been obtained is required in connection with the execution, delivery, performance, validity or enforceability of the Pledge Agreement.

21. The Defendant represented and warranted that with regard to Centrealestate, the Pledged Collateral constituted 100 percent of the issued and outstanding securities of Centrealestate.

22. The Defendant represented and warranted that with regard to Centrisys Corp. that the Pledged Collateral constituted 80 percent of the issued and outstanding securities of Centrysis Corp.

23. The Defendant represented and warranted that the Defendant is the record and beneficial owner of, and has good title to, the Pledged Collateral and that the Pledged Collateral was free and clear of any and all liens other than the one created by the Pledge Agreement.

24. The Defendant represented and warranted that upon delivery of the Pledged Collateral to the Plaintiff that the lien granted pursuant to the Pledge Agreement will constitute a valid, perfected, first priority lien on the Pledged Collateral.

25. The Defendant represented and warranted that to the extent that in the future there exist any certificates, instruments or writings representing the Pledged Collateral, the Defendant shall deliver all such certificates, instruments or writings to the Lender together with undated stock powers, as applicable, executed in blank.

### Defendant's Covenants and Rights of Plaintiff

26. Under the Pledge Agreement, Defendant agreed – absent a written agreement from Plaintiff to the contrary – to not (i) sell, assign, transfer, exchange or otherwise dispose of the Pledged Collateral, or (ii) create, incur, authorize or permit to exist any lien or option in favor of any other entity with respect to the Pledged Collateral.

27. Defendant further agreed under the Pledge Agreement that if a breach of any of the provisions of thereof were to occur, the Pledged Collateral shall be registered in the name of Plaintiff or its nominee, who may thereafter exercise (i) all voting rights and other rights pertaining to the Pledged Collateral, including, without limitation, all rights to control the Issuer, and (ii) any and all rights of conversion, exchange, and subscription and any other rights, privileges or options pertaining to such Pledged Collateral as if it were the absolute owner thereof.

28. Defendant agreed under the Pledge Agreement that the Plaintiff may, in its discretion, without demand of performance or other demand to the Defendant or the Issuers, appropriate and realize upon the Pledged Collateral.

29. Defendant agreed that following any breach of the provisions of the Pledge Agreement, the Plaintiff is appointed as the attorney-in-fact of the Defendant, which appointment is irrevocable, for purposes of carrying out the provisions of the Pledge Agreement, including for purposes of filing any claims or taking any action that Plaintiff may deem necessary or desirable for the collection of any Pledged Shares or any rights of the Plaintiff with respect to the Pledged Collateral.

### Borrower's and Defendant's Default

30. Defendant defaulted under the Loan by failing and refusing to pay interest payment (CNY 9.15 million) (approximately U.S. $ 1.33 million).

31. Defendant further defaulted under the Loan by failing and refusing to pay the principal (of CNY 50 million) and interest payment (CNY 9.1 million) that became due on June 21, 2019. At the exchange rate applicable at the time, CNY 59.1 million amounts to approximately U.S. $8.64 million.

32. Plaintiff declared Defendant in default under the Loan on July 3, 2019. The defaults under the Loan have not been cured.

33. On or about November 14, 2019, Plaintiff received a letter from Michael Kopper and ABG Holdings AG, who claim also to have security interests in some or all of the Pledged Collateral granted under loan documents generated subsequent to the Pledge Agreement between Plaintiff and Defendant. These parties threatened to exercise purported rights to the collateral.

34. Given that Plaintiff has a first priority, duly perfected security interest in the Pledged Collateral, and in fact has possession thereof, the claims of these other parties are unfounded and if anything, are subordinate to the Plaintiff's interests.

35. To the extent that Defendant pledged the Pledged Collateral to these parties, or any other individual or entity, the pledge would be in violation of the Pledge Agreement and thus null and void.

36. Plaintiff in fact gave Defendant written notice on February 21, 2019 warning against any further pledge of the Pledged Collateral.

## FOR A FIRST CAUSE OF ACTION

### (Judicial Declaration To Permit Exercise of Ownership over the Pledged Collateral)

37. Plaintiff hereby incorporates by reference the allegations contained herein in paragraphs 1 through 36.

38. Plaintiff, by virtue of the foregoing, requests a declaration that the Plaintiff may immediately exercise ownership over 100 percent of Centrealestate and 80 percent ownership of Centrisys Corp.

## FOR A SECOND CAUSE OF ACTION

### (Judicial Declaration As To Rights Under the Pledge Agreement)

39. Plaintiff hereby incorporates by reference the allegations contained herein in paragraphs 1 through 38.

40. Plaintiff seeks a judicial declaration that it is entitled to act as an attorney-in-fact with respect to the Pledged Collateral and act in its own name or in the name of the Defendant to enforce Plaintiff's rights under the Pledge Agreement.

## FOR A THIRD CAUSE OF ACTION

### (Judicial Declaration As To Rights Under New York UCC)

41. Plaintiff hereby incorporates by reference the allegations contained herein in paragraphs 1 through 40.

42. Plaintiff seeks a judicial declaration that it has a first priority security interest in the Pledged Collateral by virtue of deliver, possession, and filing.

## FOR A FOURTH CAUSE OF ACTION

### (Specific Performance)

43. Plaintiff hereby incorporates by reference the allegations contained herein in paragraphs 1 through 42.

44. Plaintiff is entitled to specific performance by the Defendant to undertake any and all steps necessary to effectuate the rights of the Plaintiff under the Loan Agreement, the Pledge Agreement and under applicable laws.

**WHEREFORE**, Plaintiff seeks judicial declarations enumerated above, specific performance by the Defendant, and the costs and disbursements of this action, and such other and further relief as the Court deems just and proper.

Dated: New York, New York
December 9, 2019

Xiaomin Chen, Esq.
Charles Yoon, Esq (Of Counsel)
DEHENG CHEN, LLC
Attorneys for Plaintiff
233 Broadway, Suite 2200
New York, New York 10279
(212) 608-6500